UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLY MOISE,

        Plaintiff,

v.

        Case No. 3:24-cv-768-MMH-PDB

KYLE D. KNIGHT, et al.,

        Defendant.

_____

**ORDER OF PARTIAL DISMISSAL WITHOUT PREJUDICE**

Plaintiff, Willy Moise, an inmate of the Florida penal system, initiated this action by filing a pro se Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 (Doc. 1; Complaint).[1] In the Complaint, Moise names eight Defendants in their individual capacities: (1) Captain Knight; (2) Correctional Officer Michael Howard; (3) Correctional Officer Dominique Hodges; (4) Correctional Officer John Manning; (5) Lieutenant Eric Prock; (6) John Doe #1; (7) Colonel Handley; (8) Warden Allen.[2] Complaint at 1-5. According to Moise, Defendants' actions violated his rights under the Eighth Amendment. In support of that claim, Moise alleges that on June 5, 2023, while housed at

---

[1] For all pleadings and documents filed in this case, the Court cites to the document and page numbers as assigned by the Court's Electronic Case Filing System.

[2] Moise does not list first names for Defendants Handley and Allen. Complaint at 4-5.

Florida State Prison, Knight and Prock threatened him and ordered that he be sprayed with chemical agents three times. Complaint at 7, 9. Moise alleges Knight then threatened that the cell extraction team would assault Moise if he exited the cell to shower. Id. Moise states that once he refused the shower, however, Knight opened the cell door and signaled to the cell extraction team, who entered the cell and physically assaulted Moise. Id. at 7, 10. Moise avers Howard slammed his head on the concrete ground while the other members of the cell extraction team punched him all over his body, "pull[ed his] penis and testicles, twist[ed his] left handed finger and left leg," and stuck fingers up his anus. Id. According to Moise, Howard, Hodges, Manning, Prock, John Doe #1, and Knight participated in the use of force, which resulted in swelling, bleeding, and "more than (15) fifteen sti[t]ches" to his face and leg. Id. at 11, 13. He alleges that Handley was in charge of security and has "repeatedly failed to properly train, supervise, and discipline abusive cell extraction team members . . . ." Id. at 11. As to Warden Allen, Moise asserts Allen has refused to acknowledge receipt of "a plethora of grievances reporting abusive cell extraction[] team members and methods . . . ." Id. As relief, Moise requests compensatory and punitive damages; costs and attorneys' fees; as well as injunctive relief. Id. at 14.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous,

malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[3] Mitchell v.

---

[3] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262–63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is

and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" (original alteration omitted)). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read Moise's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

Liberally read, Moise's Complaint fails to state a plausible § 1983 claim against Defendants Handley and Allen. The Eleventh Circuit has held that "[i]t is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), abrogated in part on other grounds by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010). To establish individual liability for supervisory conduct, a plaintiff must show "that the supervisor either directly participated in the unconstitutional conduct or that a causal connection exists between the supervisor's actions and the alleged constitutional violation." Keith v. DeKalb

Cnty., 749 F.3d 1034, 1047-48 (11th Cir. 2014). According to the Eleventh Circuit,

> The necessary causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. Alternatively, the causal connection may be established when a supervisor's custom or policy…result[s] in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

Cottone, 326 F.3d at 1360. However, "[t]he deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (quotations omitted). If a plaintiff is alleging a custom or policy, or absence of policy, caused constitutional harm, "a plaintiff must point to multiple incidents, or multiple reports of prior misconduct by a particular employee." Piazza v. Jefferson Cnty., 923 F.3d 947, 957 (11th Cir. 2019). "And allegations of a single incident of unconstitutional conduct cannot state a claim for supervisory liability, even when the conduct involves several subordinates." Ingram v. Kubik, 30 F.4th 1241, 1254 (11th Cir. 2022) (citing Piazza, 923 F.3d at 957-58). Indeed, "[t]he standard by which a supervisor is held liable in his

7

individual capacity for the actions of a subordinate is extremely rigorous." Keith, 749 F.3d at 1048.

Here, Moise does not allege that Handley or Allen personally participated in the use of force. Complaint at 6-7, 9-11. As such, the viability of his supervisory claim depends on whether he plausibly alleges a causal connection between Handley and Allen's actions and the alleged constitutional violation. Moise's brief allegations, however, do not suggest how he attempts to show that causal connection. Indeed, Moise does not assert facts suggesting the use of force stemmed from a policy or custom, or absence thereof. While he states Handley or Allen's actions constituted deliberate indifference, this bare legal conclusion cannot state a claim for relief. Likewise, Moise does not allege Handley or Allen directed their subordinates to act in the manner alleged or knew that the subordinates would act unlawfully and failed to stop them from doing so. Liberally construing Moise's brief allegations, it appears Moise attempts to suggest there was a history of widespread abuse to put Handley and Allen on notice of the need to supervise, train, and discipline its staff. However, Moise gives no facts to plausibly allege that such grievances evidence an "obvious, flagrant, rampant" abuse of a continuing duration to put Handley and Allen on notice of a need for corrective action. Indeed, Moise fails to discuss any specific incidents aside from his own. His conclusory statements do not suggest over what time period the other grievances were submitted or other

8

incidents occurred, whether the facts of those incidents were similar to Moise's, or whether those incidents involved the same individuals as are included in this action. Accordingly, Moise fails to state a claim upon which relief could be granted against Handley and Allen.

Additionally, to the extent Moise may be attempting to raise a claim regarding Handley or Allen's failure to respond to a grievance, not addressing a grievance or letter in the manner a prisoner would like, without more, does not render an individual liable for the underlying constitutional violation. See Jones v. Eckloff, No. 2:12-cv-375-FtM-29DNF, 2013 WL 6231181, at *4 (M.D. Fla. Dec. 2, 2013) (unpublished) ("[F]iling a grievance with a supervisory person does not automatically make the supervisor liable for the allegedly unconstitutional conduct brought to light by the grievance, even when the grievance is denied." (collecting cases)). And inmates have "no constitutionally protected liberty interest in access to the prison's grievance procedure." Moore v. McLaughlin, 569 F. App'x 656, 659 (11th Cir. 2014)[4] (citing Bingham, 654 F.3d at 1177; Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003)); see Charriez v. Sec'y, Fla. Dep't of Corr., 596 F. App'x 890, 895 (11th Cir. 2015)

---

[4] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

(finding the district court did not err in dismissing the plaintiff's claim that the defendants "had violated his constitutional due-process rights by failing to take corrective action during the appeal of the suspension of his visitation privileges[ b]ecause the prison grievance procedure does not create a protected liberty interest"); Mathews v. Moss, 506 F. App'x 981, 984 (11th Cir. 2013) (finding the plaintiff failed to state a claim because he merely "alleged that his prison grievances were either ignored or wrongly decided or that prison officials did not properly follow the prison's own grievance procedures").

While the Eleventh Circuit has recognized circumstances in which a defendant's failure to respond to an inmate's grievance amounts to a constitutional violation, see Goebert v. Lee Cnty., 510 F.3d 1312, 1327-29 (11th Cir. 2007),[5] Moise fails to state such a claim. Moise vaguely asserts that Handley and Allen failed to act upon grievances but does not even specify whether Handley or Allen ignored any grievance presented by Moise

---

[5] In Goebert, a pregnant pretrial detainee submitted a medical complaint form, wherein she requested to see an obstetrician or a doctor outside of the county jail. 510 F.3d at 1318. The plaintiff indicated in her complaint that she had leaked amniotic fluid for approximately nine days, she had not felt any movements from her baby, and she had a history of miscarriages. Id. The defendant, a facility commander, responded that medical could arrange an appointment at her expense, despite plaintiff noting in her complaint that medical staff had "ignored her daily requests for aid and had already failed to set up an appointment for her with an outside obstetrician." Id. at 1328.

10

personally.[6] Indeed, even if Handley or Allen had received a grievance from Moise, Moise did not provide the substance of his grievance. Moreover, unlike Goebert, where the defendant disregarded his duty to investigate the inmate's time-sensitive ongoing medical complaints, the grievance by Moise involved a past incident of force after which he admittedly received treatment.[7] Thus, Moise's allegations fail to state a claim.

Moise's Eighth Amendment excessive use of force claim against Defendants Howard, Hodges, Manning, Prock, Knight, and John Doe #1 will proceed.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. The claims against Defendants Handley and Allen are **DISMISSED without prejudice**. The **Clerk** shall terminate them as Defendants in this case.

2. Moise's Eighth Amendment excessive use of force claim against Defendants Howard, Hodges, Manning, Prock, Knight, and John Doe #1 will

---

[6] Moise indicates he submitted a grievance regarding the incident but does not state that Handley or Allen received, or had knowledge of, that grievance. Complaint at 16-19. Rather, Moise notes that when did not receive a response for the grievance, he reached out to grievance coordinators not named as defendants in this action, not Handley or Allen. Id. at 18.
[7] Moise does not allege the treatment he received was untimely or insufficient. See Complaint at 9-13.

11

proceed. A separate Order will enter regarding service of process on the remaining Defendants.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of October, 2024.

MARCIA MORALES HOWARD
United States District Judge

JaxP-12
C:   Willy Moise, #R14911