UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLY MOISE,

        Plaintiff,

v.                                                      Case No. 3:24-cv-768-JEP-PDB

KYLE D. KNIGHT et al.,

        Defendants.
_____

## ORDER

Plaintiff Willy Moise, an inmate of the Florida penal system, initiated this case by filing a pro se Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 (Complaint; Doc. 1).[1] In the Complaint, plaintiff named eight defendants in their individual capacities: (1) Captain Knight; (2) Correctional Officer Michael Howard; (3) Correctional Officer Dominique Hodges; (4) Correctional Officer John Manning; (5) Lieutenant Eric Prock; (6) John Doe #1; (7) Colonel Handley; (8) Warden Allen.[2] Complaint at 1–5. On October 31, 2024, pursuant to the Court's screening obligation, the Court dismissed the

---

[1] For all pleadings and documents filed in this case, the Court cites to the document and page numbers as assigned by the Court's Electronic Case Filing System.

[2] Plaintiff does not list first names for defendants Handley and Allen. Complaint at 4–5.

claims against defendants Handley and Allen for failure to state a claim and ordered that the case proceed on plaintiff's Eighth Amendment excessive use of force claim against defendants Howard, Hodges, Manning, Prock, Knight, and John Doe #1. *See* Order (Doc. 13). On January 23, 2025, the Court ordered plaintiff to provide information for the service of process for "John Doe #1," *see* Doc. 36, and on March 7, 2025, having received no response from plaintiff, the Court ordered him to respond by April 7, 2025, to show cause why "John Doe #1" should not be dismissed from the action, *see* Doc. 39. Plaintiff filed a request for extension of time which this Court granted allowing him to respond by June 6, 2025. *See* Docs. 49; 51. Again having received no response from plaintiff, on July 7, 2025, the Court dismissed without prejudice the claims against "John Doe #1" (Doc. 52).

The remaining named defendants filed a Motion to Dismiss on March 10, 2025 (Motion to Dismiss; Doc. 42). Although the Court previously directed plaintiff to respond to any motion to dismiss within 45 days, *see* Doc. 6 at 3, and, upon receipt, alerted him to respond by April 24, 2025, *see* Doc. 44, plaintiff failed to file a response within that timeframe or request additional time to do so. However, on April 25, 2025, plaintiff requested an extension of time (Doc. 50), which the Court granted, allowing plaintiff until June 6, 2025, to respond to the Motion to Dismiss (*see* Doc. 51). He did not timely respond. Therefore, on July 7, 2025, the Court entered an Order directing plaintiff, by

July 31, 2025, to (1) show cause why the case should not be dismissed for his failure to comply with the Court's Orders (Docs. 44, 51) or otherwise prosecute the case; and (2) file a response to defendants' Motion to Dismiss (Doc. 42). *See* Doc. 52 (citing Rule 3.10, Local Rules, United States District Court for the Middle District of Florida). On July 31, 2025, plaintiff filed a "Motion of Opinion" in which he seemed to be confused and asked for "John Doe #1" not to be dismissed (though that individual already had been dismissed on July 7, 2025) based on his lack of access to the law library. Doc. 53. Plaintiff made no mention of his response to defendants' Motion to Dismiss or the Court's Order to show cause in that regard. *Id.* In an abundance of caution, the Court sua sponte granted one final opportunity for plaintiff to comply with the Court's prior Orders (Docs. 44; 51; 52) and again directed him to file a response to the Motion to Dismiss and show cause why the action should not be dismissed by November 24, 2025. *See* Order (Doc. 54). The Court also advised plaintiff that he should consider the statute of limitations and that his failure to timely comply may result in the dismissal of this case without further notice. *Id.* at 3. Plaintiff still has not complied. While plaintiff filed a "Motion to Respond to Show Cause" on November 24, 2025, his motion again fails to respond to, or even acknowledge, defendants' Motion to Dismiss. Plaintiff only states he has had issues gaining access to the law library, though he attaches grievances

3

indicating that he requested and received access to the "writ room" since the Court's last Order, and states the action should consequently not be dismissed.

A district court has inherent authority to manage its docket. *See Equity Lifestyle Prop., Inc. v. Fla. Mowing and Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with court orders. Id. (citing Fed. R. Civ. P. 41(b)); *see also Hyler v. Reynolds Metal Co.*, 434 F.2d 1064, 1065 (5th Cir. 1970)[3] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . .").

Under Rule 41(b) Federal Rules of Civil Procedure (Rule(s)), a district court has discretion to dismiss a pro se plaintiff's action for his failure to comply with court rules or a court order. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). While "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), pro se litigants still must conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

4

826, 829 (11th Cir. 2007). As such, when a pro se plaintiff fails to comply with a court's order or rules, the court may sua sponte dismiss a case under Rule 41(b). *See Powell v. Harris*, 628 F. App'x 679, 680 (11th Cir. 2015)[4] (per curiam) (holding the district court did not abuse its discretion dismissing the case without prejudice for the plaintiff's noncompliance with the court's instructions to file a proper complaint); *Duong Thanh Ho v. Costello*, 757 F. App'x 912, 914–15 (11th Cir. 2018) (affirming the district court's dismissal without prejudice for the pro se plaintiff's failure to comply with the court's order to amend). Moreover, dismissal under Rule 41(b) is appropriate where there is a clear record of delay or willful contempt and an implicit or explicit finding that lesser sanctions would not suffice. *Id.* at 1374 (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)). And Local Rule 3.10 also provides that "[a] plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay."

    Here, in prosecuting this action, plaintiff was required to comply with this Court's Orders. As of the date of this Order, he has neither complied with

---

[4] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. *See McNamara v. Gov't Emps. Ins. Co.*, 30 F.4th 1055, 1060–61 (11th Cir. 2022); *see generally* Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

the Court's Orders (Docs. 4, 7, 12), nor requested more time to do so. Plaintiff has failed to respond to the Motion to Dismiss for over nine months despite repeated instructions and orders from the Court. Additionally, the Court warned him more than once that his failure to comply may result in the dismissal of the action. *See* Docs. 52, 54. On this record, the Court finds that there is a pattern of delay as evidenced by plaintiff's repeated failure to comply with the Court's Orders. Also, continued delay of this case would prejudice defendants, as they are entitled to a speedy and just resolution of the case. Thus, any lesser sanction would be inadequate, and the Court concludes that dismissal of this case for failure to prosecute is appropriate at this time.

Accordingly, it is now **ORDERED and ADJUDGED:**

1. This case is **DISMISSED without prejudice** for plaintiff's lack of prosecution and failure to comply with the Court's orders.

2. The **Clerk** shall enter judgment accordingly, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of December, 2025.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

JaxP-12

c: Willy Moise, #R14911
Counsel of Record